IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | 3:07-CR-211-M |
| | § | |
| RODERICK BERNARD HUNTER | § | |

**MEMORANDUM OPINION AND ORDER**

On September 5, 2007, Defendant Roderick Bernard Hunter was indicted for bank robbery. The following motions are before the Court: (i) the Government's Motions for Compulsory Production of Handwriting Exemplars and Notice of the Defendant's Intention to Seek the Defense of Alibi; and (ii) the Defendant's Motion for Witness Statements, Motion to Prohibit Government from Mentioning Extrinsic Offenses, and Motion for Hearing on Voluntariness of any Admission.

**I. Motion to Compel Handwriting Exemplar**

The Government filed a Motion for Compulsory Production of Handwriting Exemplars on September 12, 2007. The Government contends that a positive match of the handwriting in the exemplar and a demand note, handed to a bank employee during commission of the robbery, would establish Defendant's participation in the offense. The Government seeks admission of the exemplars solely as physical evidence to establish the identity of its author; it does not seek to prove the contents of either the exemplar or the demand note. Although the Government has since advised the Court that the Defendant has orally withdrawn his earlier objections to submission of an exemplar, since that is not documented, the Court proceeds to an analysis of the Motion.

1

A.      *Fifth Amendment*

It is well established that the Fifth Amendment's prohibition on compelling incriminating testimony does not reach physical exemplars, including handwriting and blood samples, which are used solely for identification purposes. *United States v. Euge*, 444 U.S. 707 (1980); *Gilbert v. California*, 388 U.S. 263, 266-67 (1967);  As the Supreme Court explained in *Doe v. United States*, 487 U.S. 201, 211 (1988), the Fifth Amendment exclusively safeguards testimonial communications: "it is the extortion of information from the accused, the attempt to force him to disclose the contents of his own mind, that implicates the Self-Incrimination Clause." Significantly, a handwriting exemplar – physical evidence used for identification purposes rather than as proof of a substantive communication – is not testimonial. *United States v. Wade*, 388 U.S. 218, 222-23 (1967); ("A mere handwriting exemplar, in contrast to the content of what is written . . . is an identifying physical characteristic outside its protection."); *United States v. Blount*, 315 F.Supp. 1321 (E.D.La. 1970) (finding no Fifth Amendment violation from Government's compulsion of handwriting specimens); *see also United States v. McGann*, 431 F.2d 1104, 1108 (5th Cir. 1970). Indeed, only when the "Government should seek more than the physical characteristics of the witness' handwriting-if, for example, it should seek to obtain written answers to incriminating questions or a signature on an incriminating statement" is the Fifth Amendment implicated. *United States v. Mara*, 410 U.S. 19, 22 n.* (1973).

Here, the Motion to Compel does not offend Defendant's Fifth Amendment rights because the Government intends to use the handwriting exemplar solely to establish the identity of the author of the demand note, rather than to establish the substantive content of either writing. Government's Motion at 2. Further, the exemplar in no way "forces [the Defendant] to disclose

2

the contents of his own mind" and, therefore, does not implicate touchstone Fifth Amendment principles. Accordingly, the Court finds no valid Fifth Amendment challenge to the Government's Motion to Compel.

   B.   *Fourth Amendment*

The Supreme Court has also squarely held that the compulsory production of handwriting exemplars is not entitled to Fourth Amendment protection. *United States v. Euge*, 444 U.S. 707 (1980); *Mara*, 410 U.S. 19, 21 (1973) ("[h]andwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristic of a person's script than there is in the tone of his voice."). In *United States v. Nix*, 465 F.2d 90, 93 (5th Cir. 1972), the Fifth Circuit, adopting the Second Circuit's approach, squarely held that a Defendant had no reasonable privacy expectation from the compelled production of a handwriting sample: "We agree with Chief Judge Friendly of the Second Circuit that 'Handwriting and voice exemplars fall on the side of the line where no reasonable expectation of privacy exists,' and consequently outside of the protection of the Fourth Amendment." (internal citations omitted) (citing *United States v. Doe*, 457 F.2d 895, 898 (2nd Cir. 1972)).

Finding no constitutional infirmity, the Court **GRANTS** the Government's Motion for Compulsory Production of Handwriting Exemplars.

### III.  Notice of the Defendant's Intention to Seek the Defense of Alibi

The Government moves to require the Defendant to provide notice of his intention to seek an alibi defense. The Defendant has indicated that he will not seek an alibi defense and, therefore, the Government's Motion is **MOOT**.

### IV. Motion for Witness Statements

The Defendant's Motion for Witness Statements seeks discovery of (i) the written or recorded statements of testifying witnesses; (ii) the grand jury testimony of any testifying witnesses; (iii) certain other documents material to guilt or punishment that may be in the Government's possession; (iv) and reports prepared by Government attorneys or investigators.

### A. Statements of Witnesses Called to Testify

Defendant has requested that the Government turn over the written or recorded statements of any witness called to testify by the prosecution. The Motion for Witness Statements is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** the Motion to the extent that it requests that the Court follow the procedures set out in the Jencks Act, 18 U.S.C. § 3500 (2007), for ordering the Government's disclosure of Government witness statements to the Defendant after the Government has called the witness and the witness has testified. The Court **DENIES** the Motion to the extent that the Defendant requests the Court to order the Government to disclose Jencks Act material prior to trial, unless this material also qualifies as exculpatory *Brady* material, in which case the Court **ORDERS** the Government to turn over the exculpatory material at least **ten days prior to the date of trial**. Although the Fifth Circuit has encouraged prosecutors to disclose Jencks Act material prior to trial, and this Court joins in encouraging the prosecutor in this case to tender the witness statements at issue prior to trial, if feasible, the Court will not order the prosecutor to do so. *See United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5 Cir.1979) ("The [Jencks] Act does not prohibit the prosecutor from disclosing Jencks Act material before trial.... '[T]hat is a salutary practice and we encourage it.'" (quoting *United States v. Murphy*, 569 F.2d 771, 774 n.10 (3d Cir. 1978))).

### B. Grand Jury Transcript

Defendant also requests that the Government turn over a transcript of the grand jury testimony of any witness to be called by the Government to testify. The Government responds that it will comply with the Local Rules and federal authorities to disclose the statements of witnesses whom it intends to call as witnesses; however, it opposes the motion to the extent it exceeds these authorities.

Except for the Defendant's own statement, discovery of grand jury proceedings is expressly prohibited by Fed.R.Crim.P. 16(a)(3) (1994), except as provided in Rules 6, 12(i) and 26.2. Rule 12(i) is inapplicable here since this Motion does not seek to suppress evidence, and Rule 26.2 provides for the disclosure of grand jury witness statements only after the witness has testified at trial. Fed.R.Crim.P. 26.2(f)(3) (2002); *see* 18 U.S.C. § 3500 (2007). Therefore, in this instance Rule 6 governs whether the Defendant is entitled to this information under an exception to the general rule of grand jury secrecy.

Rule 6 allows disclosure of grand jury materials only in limited circumstances. In *United States v. Procter & Gamble*, the Court explained the rationale undergirding the strong presumption of non-discoverability of grand jury testimony prior to trial:

> One [reason] is to encourage all witnesses to step forward and testify freely without fear or retaliation. The witnesses in antitrust suits may be employees or even officers of potential defendants, or their customers, their competitors, their suppliers. The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow.
> *United States v. Procter & Gamble*, 356 U.S. 677, 681-82 (1958).

Under settled Fifth Circuit precedent, a defendant is only entitled to pre-trial discovery of grand jury materials if he demonstrates a compelling necessity for their production. *In re Grand jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987). The Supreme Court has developed a three-part test to

determine whether particularized need has been shown: "(1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed." *United States v. John Doe*, Inc. I, 481 U.S. 102, 112 (1987) (citing *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). The burden is on the party seeking disclosure to make a "much more particularized, more discrete showing of need...." *Procter & Gamble*, 356 U.S. at 683; *Douglas Oil*, 441 U.S. at 223.

Here, Defendant's request for pre-trial disclosure of the grand jury testimony of all witnesses called to testify by the prosecution is unsupported by any showing of particularized need. *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400; *Procter & Gamble*, 356 U.S. at 682 ("This 'indispensable secrecy of grand jury proceedings,' must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.") (internal citation omitted). Defendant also fails to allege any particular facts mitigating the imperative to preserve the secrecy of grand jury proceedings. Finally, Defendant has not narrowly tailored his discovery request to conform to the Supreme Court's tripartite test. Therefore, Defendant is not entitled to pre-trial discovery of the grand jury testimony of witnesses called by the prosecution at trial, with the exception of exculpatory materials required under *Brady* and its progeny and under Rule 16. *Brady*, 373 U.S. at 83; Fed.R.Crim.P. 16. The Government is **ORDERED** to disclose all exculpatory materials required under *Brady* or Rule 16 **no later than 10 days before trial**.

The Court now addresses Defendant's related demand for the disclosure of the grand jury testimony of witnesses after they are called by the Government to testify at trial. After a witness

other than the defendant has testified on direct examination, Rule 26.2 requires the Court, on motion of a party who did not call the witness, to order the opposing party to produce any statement of the witness that is in counsel's possession and that relates to the subject matter of the witness's testimony. Fed.R.Crim.P. 26.2. Rule 26.2(f)(3) expressly defines "statement" to encompass grand jury statements. Thus, such materials must be produced by the Government for witnesses who testify. The Court accordingly requires the Government to produce the grand jury testimony of a witness, if made by the Defendant after the Government has called that witness to testify.

### C. Documents & Objects

The Defendant requests any document, object, photo or chart, the contents of which will be used before the jury by direct examination of the witness. The Government is **ORDERED** to permit the Defendant to inspect and to copy or photograph, **no later than 7 days prior to trial**, all books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items subject to disclosure under Fed. R. Crim. P. 16(a)(1)(E)**.** The Government must produce all exculpatory documents and objects required under *Brady* or Rule 16 **no later than 10 days before trial**. Finally, the Government must produce all trial exhibits by **November 13, 2007**, as required under the Court's Amended Trial Setting Order.

### D. Prosecution or Investigation Agency Report

Defendant requests any report prepared by Government attorney or investigators memorializing the observations or conduct of a testifying witness, to the extent the witness has

adopted the report's contents and the report concerns facts to which the witness testified on direct examination by the Government.

Under the *Jencks Act*, after a witness called by the prosecution has testified on direct examination, the Court, on motion of the Defendant, must order the prosecution to produce any statement of the witness in the possession of the United States related to the subject matter of the witness's testimony. 18 U.S.C. § 3500(b). A "statement" includes "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1). The Act entitles the Defendant to "relevant and competent reports and statements in the possession of the Government touching the events and activities as to which a Government witness has testified at the trial." *U.S. v. Brown*, 303 F.3d 582, 592 (5th Cir. 2002) (citing *Goldberg v. United States*, 425 U.S. 94, 104 (1976)). These reports include writings prepared not only by investigating agents but also by Government lawyers. *See Goldberg*, 425 U.S. at 98 ("We hold that a writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act, and is not rendered nonproducible because a Government lawyer interviews the witness and writes the 'statement.'"). The Government does not invoke the attorney work product doctrine as a bar to discovery of any report prepared by Government attorneys. The Government shall produce such reports that have been approved or adopted or reviewed by the witness after that witness has been called by hte Government to testify at trial.

The Court now addresses Defendant's right to discover any investigating officer's handwritten notes, recorded during his or her interview of a testifying witness. Once an

8

investigating officer's notes have "served their purpose of assisting in the preparation of interview reports," the Government is under no obligation to turn them over, absent a showing by the Defendant that the notes are material to guilt or punishment under *Brady*. *See United States v. Martin*, 565 F.2d 362 (5th Cir. 1978) ("We hold that an FBI agent's notes of his interview of the defendant are not Brady material, absent some independent showing that they contain evidence that is material to guilt or punishment."). More recently, in *Brown*, the Fifth Circuit indicated the continued vitality of *Martin*. *Brown*, 303 F.3d at 592 (noting that "this reasoning [of *Martin]* likely extends to the present case" but deciding the issue on other grounds).

At this time, the Defendant has established neither the existence nor materiality of any handwritten notes that might have been made by an investigating officer, prior to his or her preparation of a formal report. Accordingly, Defendant's request for such notes is **DENIED**, without prejudice to renewal of the Motion pre-trial or at trial.

### E. Presentation of Statements, Documents, and Charts to the Jury

The Defendant requests that the Government establish the admissibility of any statements, documents, or charts prior to his offering them to the jury. A motion in limine or objections at trial represent the appropriate vehicle for Defendant to avoid publication of potentially prejudicial material to the jury. The request is **DENIED** without prejudice.

### V. Motion to Prohibit Mention of Extrinsic Offenses

Defendant moves the Court to instruct the Government to refrain from mentioning any extrinsic offenses or other acts of misconduct without first approaching the bench and obtaining a

ruling from the Court. As to extrinsic offenses, the Government shall provide notice before trial of its intent to refer to the same. As to other acts of misconduct, the Motion is overbroad and therefore **DENIED**. A motion in limine identifying the precise acts of misconduct by the Defendant sought to be excluded represents the appropriate avenue to raise such concerns.

### VI. Motion for Hearing on Voluntariness of any Admission

Defendant moves for a hearing on the voluntariness of Defendant's statements made to the Government. A hearing to consider the voluntariness of such statements is set for **November 8, 2007 at 9 A.M.**

**SO ORDERED.**

**October 4, 2007.**

_____
**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**